HORACE MANN TOWNER, GOVERNOR OF PORTO RICO, Petitioner, v. DISTRICT COURT OF SAN JUAN, Respondent.

No. 642.   Argued February 12, 1929.—Decided April 26, 1929.

*James R. Beverley, Attorney General,* and *Tomás Torres Pérez* for the petitioner.   *J. Valdejulli* for the intervenors.   *Bolívar Pagán* as *amicus curiae.*

MR. JUSTICE WOLF delivered the opinion of the court.

At the very outset let us say that we were thoroughly convinced at the hearing of this case and we remain convinced that the petition filed by the Attorney General in this court contained no personal reflection on the action of the Judges of the District Court of San Juan in ordering the continuance of the *status quo* originally created by the special statutory certiorari proceeding to contest the election in Barceloneta. The Attorney General was merely of the opinion that to cause the Governor to suspend the issuance of certificates of election would produce an anarchical condition in Barceloneta. In its strict use the word "anarchical" means an absence or insufficiency of government, and the Attorney General was

attempting to say, whether right or not, that Barceloneta would remain without such government.

To say by reason of an order given by a court that there would be a lack of government in a municipality might conceivably be a reason why a certiorari should issue in this court. However, discretionally we should entertain a writ in this case to settle, somewhat more rapidly than by an appeal, a confusion or doubt existing in an important community by reason of the action of a court. Especially would this be true if we were convinced that the questions raised were of widespread interest and apt to affect other similar litigation. In general an election contest ought to be decided with promptness, but it must be decided with care.

We pass rapidly over the matter of the oath to the petition. In the ultimate analysis we should give the Attorney General a chance to amend if necessary. On the other hand, barring the question of whether or not a lack of government exists, the facts necessary for a decision of this case are undisputed. They are asserted by the answer. Where an answer admits the essential facts objections to the oath may be deemed to have been waived. All in one writing the defendant objected to the oath, demurred and answered. We have the idea that perhaps technically to reach the lack of verification a separate motion to strike should have been filed. While the phrase may be a little overworked, the sufficiency of an oath after pleadings are filed may be submitted to a pragmatic test. So far as the oath referred to matters *aliunde* we shall not find it necessary to consider them.

The District Court of San Juan decided a petition in certiorari against the petitioners in that court. It held that the action of the election board had been correct. At the end of the opinion delivered by the court it was held that under section 89 of the Election Law an election contest when impugned could not be considered as definitely determined until a final judgment arose and hence that the *status quo*

established by the certiorari should be preserved. The original action of the court in response to the prayers of the petition ordered the Governor of Porto Rico *pendente lite* not to deliver the certificates of election to the opponents of the petitioners, and also provided that a copy of the order be served upon the Governor.

Under section 188 of the Code of Civil Procedure a judgment is the final determination of the rights of the parties in an action or a proceeding. The judgment rendered in this case against the petitioners was or ought to have been such a final judgment. If it was not such a final judgment it was not only unappealable but, when no longer appealable by reason of the lapse of time or an affirmance, it was in form if not in substance not executionable. The district judges of San Juan in rendering their judgment had no right to assume as part of the judgment that the losing parties would in fact appeal. An appeal was only a likelihood. The unsuccessful parties might have accepted the judgment. In rendering a judgment and at the same time limiting its effect the District Court of San Juan exceeded its powers or fundamentally erred if its purpose was to settle the controversy between the parties. The court did not need to anticipate the possibility of an appeal. Decisions are on past facts, on issues actually raised.

We agree with the respondent that the intendment of section 89 of the Election Law was to suspend the action of the election board on the presentation of a proceeding in certiorari to contest an election. This certiorari is the only existing court remedy specifically given to candidates to contest the result of an election. The pertinent part of section 89 reads as follows:

"*And provided, further,* That the result of the canvass of an election as declared by the Insular Board of Elections and published by the General Supervisor of Elections shall be final, unless the same shall be contested by a certiorari or other authorized legal proceeding, filed within fifteen days from the date of the publication of the result

of such canvass, in a court of competent jurisdiction, and a certiorari proceeding in the District Court of San Juan is hereby authorized in such cases.''

The intention of the Legislature was to give a rapid court remedy to persons against whom the election board rendered its decision.

In the case at bar, therefore, the District Court of San Juan was well within its jurisdiction when it issued an order to the Governor to refrain from issuing the certificates of election pending the suit.

Without bringing the Governor into the suit the District Court of San Juan acquired no jurisdiction over him, and could not bind him by its judgment. Almost universally where a judgment or order may be issued against a person he must be brought into the court by service or notice of some kind. *Windsor* v. *McVeigh,* 93 U. S. 274; *Pennoyer* v. *Neff,* 95 U. S. 791; *Reynolds* v. *Stockton,* 140 U. S. 254, approving and quoting *Munday* v. *Vail,* 34 N.J.L. 418, where the court said:

"That a court can not go out of its appointed sphere, and that its action is void with respect to persons who are strangers to its proceedings, are propositions established by a multitude of authorities.''

In discussing the right of the Governor to file a certiorari in this court the intervenors, representing the losing parties in the election contest, in their brief said that the Governor was a stranger to the proceedings in the district court.

Where a person is ordered by a court to do or not to do a thing and he is notified an obligation arises on his part and he has a sufficient interest or is sufficiently prejudiced to review by certiorari the act of the court if the latter was in fact not proceeding according to the law. *Delgado* v. *District Court of Mayagüez,* 8 P.R.R. 484; *Amadeo* v. *Rossy,* 21 P.R.R. 333. This case is quite extraordinary. A person on obtaining actual notice may come into court to destroy the colorable judgment or order against him. Perhaps it

would have been better to take steps in the district court to correct matters, but discretionally, on account of the actual manner in which the case arose, we shall overlook this failure.

At the time this certiorari was filed no appeal had been taken from the action of the district court. The certified record, however, shows that afterwards appeals were taken. To discuss the effect of the appeal in suspending the issuance of a certificate is to enter into a matter not duly before us and for this reason we shall not consider it.

Under the circumstances outlined so much of the judgment of the district court as prohibited the Governor from issuing election certificates must be annulled, without otherwise destroying the effect of the judgment. The case is sent back to the district court for further proceedings not inconsistent with this opinion.

Mr. Chief Justice Del Toro took no part in the decision of this case.